**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FRANKLIN SKILES, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                      **NO: 06-7180**

**ALLSTATE INSURANCE CO., ET AL.**             **SECTION: "K"(5)**

## ORDER

Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 4). Defendant removed this action under 28 U.S.C. § 1332, contending that the only non-diverse party, Defendant Dave Martin, is improperly joined. Defendants maintain that action against Dave Martin is perempted by Louisiana Revised Statutes, § 9:5606.

The Court previously addressed the application of this statute in the context of motions to remand in which there is an assertion of improper joinder. This Court held that the peremptive period commenced upon issuance of the policy because any alleged misrepresentations could have been discovered given the policy's clear language regarding extent of coverage. *See Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006)

(misrepresentations could not have been justifiably relied upon because they could have been discovered upon issuance of the policy given the policy's clear language); *see also Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10-11 (E.D. La. July 21, 2006) (Vance, J.) (misrepresentations made at renewal period could not be justifiably relied upon if policy language is clear as to extent of coverage).

The policy was issued in December 2003, and suit was not filed until well over a year after issuance of the policy. All of the insurance agent's alleged failures relate to procurement of the policy, which means the peremptive period commenced upon the policy's issuance with respect to these allegations. *See* Notice of Removal, Petition, at ¶ XIV (Rec.Doc.No. 1). However, Plaintiffs do argue that "[d]uring the renewal period in 2005," the insurance agent made "misrepresentations in which he assured the Plaintiffs that the Allstate fire (homeowners) insurance policy would cover and insure them for all the wind, tornado and rain damage caused by a hurricane." *Id.*

Based on the reasoning of the *Clover* and *Dobson*, the Court finds that the alleged failures regard procurement of the policy and any alleged misrepresentations could not be justifiably relied upon given the clear language in the policy with respect to the extent of coverage. Therefore, the Court finds that the peremption period commenced upon issuance of the policy. Furthermore, the Court is unaware as to how such alleged statements made by the insurance agent qualify as a misrepresentation, given that the policy did in fact provide coverage for all wind, tornado, and rain damage caused by a hurricane.

The Court also finds that because any claims against him are perempted, Defendant Dave

Martin is improperly joined in this action, and with Mr. Martin's dismissal, the Court can

exercise subject matter jurisdiction over the proceeding under 28 U.S.C. § 1332, as there exists

complete diversity among the parties. Accordingly,

      **IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 4) is **DENIED**.

      **IT IS FURTHER ORDERED** that Defendant Dave Martin is **DISMISSED**.

New Orleans, Louisiana, on this __18th__ day of December, 2006.

                              **STANWOOD R. DUVAL, JR.**
                    **UNITED STATES DISTRICT COURT JUDGE**